## IN THE MATTER OF ALEXANDER.

Husband and wife: RIGHTS OF WIFE AS CREDITOR OF HUSBAND. Where the wife loans money to the husband, taking his promissory notes therefor, she stands on an equal footing with other creditors in case of his insolvency. To protect her rights in such case, it is not necessary for her to have recorded notice of her claim. Sections 2500 and 2502 of the Revision do not apply.

*Appeal from Montgomery District Court.*

WEDNESDAY, OCTOBER 29.

T. H. ALEXANDER is the husband of Martha M. Alexander, and he becoming insolvent, made a general assignment under our State law for the benefit of his creditors. The wife, M. M. Alexander, filed her claim which was based upon promissory notes executed by him to her as a creditor of her said husband; other creditors contested her claim, and upon a hearing the district court adjudged that her claim should not be allowed. The adverse parties agreed upon the following facts

as existing and affecting the matter in controversy, and upon which the district court heard the cause :—

1. That T. H. Alexander, at the time of his assignment for the benefit of his creditors, under chapter 77 of Revision 1860, had, in his hands, of the moneys of said M. M. Alexander, his wife, the sum of $2,500, as money loaned to him by her in the State of Illinois, where they then lived, and during the year 1869 and prior to their removal to Red Oak, Iowa, and subsequent to the passage of an act of the general assembly of the State of Illinois, entitled "An act to protect married women in their separate property," approved February 21, 1861, to which reference is made, and is to be made in the determination of this case; that the balance of said claim, to wit, $600, was, and is, for money received by T. H. Alexander in the sale of lands in Iowa belonging to said M. M. Alexander, and derived through her father's estate.

2. That no notice was at any time filed by said M. M. Alexander such as is contemplated by chapter 101, Revision of 1860.

3. That all objections to the claim of said M. M. Alexander are withdrawn, save such as may grow out of, or be based upon the non-filing of the notice aforesaid.

4. That the cause shall be submitted to the court at this time, upon the papers and exhibits now filed, and such other proofs bearing upon the question of actual knowledge of the indebtedness of T. H. Alexander to his wife, M. M. Alexander, on the part of the creditors, as may be filed in the form of affidavits.

The affidavits filed tend to show that some or all the contesting creditors had actual knowledge of the indebtedness of T. H. Alexander to his wife, before they became creditors of the said husband. A copy of the Illinois statute was also filed. The wife, M. M. Alexander, appeals.

*C. E. Richards & W. P. Hepburn* for the appellant.

*Mayne & McPherson* for the appellees.

COLE, J. — It is not controverted that if T. H. Alexander and his wife had continued to reside in Illinois, the claims of the wife, as presented in this action, would have been fully and completely protected to her there by the statute of that State, referred to in the agreed statement of facts. Nor is there any controversy that the money loaned by the wife to the husband was her own separate property, derived from her father.

The single question presented is, whether a wife who has money in her own right, and loans it to her husband, taking his notes for it at the time of the loan, loses all right thereto as against the creditors of her husband, unless she files for record with the recorder of deeds of the county, a notice of her claims, etc. ? We are entirely agreed in holding that she does not, and that such filing of notice is not necessary to protect her rights.

Under our statute, the wife is competent to contract in relation to her separate property, and such contracts bind herself only, and do not bind the husband. Rev. 1860, § 2506 (1454), and ch. 126, Laws of 1870. The taking by the wife from the husband of his notes for the money at the time it was loaned, negatives the idea of reduction to possession by the husband so as to make the money his. The only two instances in which our statute requires a notice to be filed by the wife in order to protect her rights, are, first, when she leaves her property under his control; in which case it will be presumed, as respects creditors, an entire surrender of her right unless she files a notice, stating the amount in value of such property, and that she has a claim therefor out of the estate of her husband, etc., whereby she becomes a preferred creditor. § 2500. And, second, where she leaves specific articles of personal property under his control, she must file a notice of her ownership thereof, or such articles will be liable for his debts. § 2502. In the first case the title passes to the husband, and she becomes his preferred creditor for the value, in case of his bankruptcy or death; while in the other she retains the title.

But our statute also provides (Rev. 1860, § 2504 [1452]), "In the case of bank stock, written securities, things in action, or other property which does not ordinarily pass by mere delivery or by oral contract without an indorsement, assignment or other written evidence of such transfer, knowledge of ownership of the wife will be presumed without the recording required by the preceding two sections, unless such property has been conveyed to the wife by the husband." This, it would seem, settles the question beyond controversy. The money was the separate property of the wife; she had power to contract respecting it; she loaned it to her husband and took his written securities,—promissory notes,—therefor, which she kept in her own possession; and by the section last quoted, knowledge of her ownership is presumed without any record of notice. She is therefore a creditor of the husband, equal to any other, though not a preferred creditor. Reversed.