## OLINE MUUS *vs.* BERNT J. MUUS.

### May 5, 1882.

**Law of the Domicile—Inheritance from Foreign Country.**—While a husband and wife were domiciled in this state, the wife inherited property from her father in Norway, which, in the form of money, was transmitted to this country. *Held,* that the rights of the husband and wife in respect to such property are determined by the laws of this state, and not by those of Norway.

**Statute of Limitations—Suit between Husband and Wife.**—More than six years after the husband had, with the knowledge of the wife, received such money, she commenced an action against him for an accounting and for the recovery of the money. It appeared that the husband had kept, and at all times treated and claimed, the property as his own. No other facts being shown by the plaintiff to avoid the statute of limitations, a recovery was correctly denied. A recovery by the wife of other money received by the husband less than six years before action brought, sustained.

Action by plaintiff against her husband, brought in the district court for Goodhue county, to recover moneys received by him from her father's estate in Norway.

The action was tried by *Crosby*, J., a jury being waived, and judgment ordered for plaintiff for $1,701.04. From this judgment both parties appeal. The facts are stated in the opinion.

*Ueland & Shores*, for plaintiff.

*W. C. Williston*, for defendant.

DICKINSON, J. The questions to be considered are presented upon separate appeals taken by the plaintiff and defendant from the same judgment. The defendant is the husband of the plaintiff. The action was for an accounting by defendant in respect to certain moneys claimed as the separate property of the plaintiff, and which came into the hands of the defendant in trust, as was claimed, for the use of the plaintiff, and for the recovery of such money. The action was tried by the court, and the facts in the case found, which, so far as is important in connection with these appeals, are, in substance, as follows:

The parties were married in Norway, in 1859, being citizens of that country. Immigrating to this country the same year, they have ever since resided in this state; but the defendant has never been naturalized as a citizen of the United States, or declared his intention of becoming such. In the year 1863, plaintiff's father, being a citizen of Norway, died in that country, leaving property which is the subject of this controversy. His estate was duly administered in June, 1869. The plaintiff, under the laws of Norway, was one of several heirs-at-law of her deceased father. The husband of the plaintiff was not, by such laws, an heir of the deceased; but it is the law of that country that, in the absence of any agreement or provision made to the contrary, a married woman, being a resident and citizen of Norway, receiving property by inheritance, gift, or otherwise, such property goes to augment the common property of herself and husband, who hold the same in partnership, subject to the sole control of the husband and disposition by him.

In the proceedings in the administering of such estate in Norway, the property was converted into money, and the proper distributive share of this plaintiff was received by defendant's attorney in Norway and transmitted to him in this state. The defendant thus received, after deducting for certain expenses and losses which are not

brought in question, the sum of $3,693.25. Of this sum $1,118.05 was remitted by defendant's attorney in August, 1874, and received by defendant in September of the same year. It appears from the record that this action was commenced in December, 1879. The balance of the money in question was received by defendant more than six years before the commencement of this action. The defendant from time to time informed plaintiff of the receipt of the money. The defendant kept all of said money so received by him, and at all times treated and claimed it as his own property. The plaintiff has never received any part of the same, or any of the profits or proceeds derived therefrom. The defendant has loaned said money and received interest thereon.

Upon these facts the court directed judgment in favor of the plaintiff for the recovery of the $1,118.05, with interest from September, 1874, but denied a recovery as to the remainder of the sum claimed, upon the ground that a recovery was barred by the statute of limitations. From the judgment so entered both parties appeal.

1. The appeal of the defendant may be briefly considered. The judgment is claimed to be erroneous upon the ground that the statute of limitations barred a recovery as to any of the property received by the defendant. The facts do not appear to be such as to sustain this claim. The complaint, it is true, alleges that the estate "was duly administered upon, and was distributed in June, 1869." But the whole pleading is to be considered in its interpretation; and that it was not intended by this allegation to aver that the property then came into the possession of the defendant, is apparent from the further averments that the defendant received $1,118.57 on or about the first day of October, 1874, and that plaintiff has no knowledge or information sufficient to form a belief as to when the balance of such inheritance was received. The finding of the court that the estate was "administered in June, 1869," is not to be considered as a finding that defendant then became possessed of the property, for it is specifically found that that was in September, 1874. What might be the effect of a receiving of the money by defendant's "attorney" is not important, since it does not appear that he received it more than six years prior to the commencement of this action.

By the law of Norway this plaintiff inherited the property. It becoming hers by such law of inheritance, the rights of the husband in respect to the property must be determined by the law of this state, where they had their domicile. Wharton on Conflict of Laws, § 196; *Fuss* v. *Fuss*, 24 Wis. 256. By such law of the domicile the property in question was the separate property of the wife, free from the control of the husband. The judgment, in so far as it awarded a recovery in favor of the plaintiff, was not erroneous. This disposes of defendant's appeal.

2. Was a recovery in respect to the money received by defendant more than six years prior to the commencement of the action barred by the statute of limitations? or, more precisely, upon the facts presented by this plaintiff and as found by the court, was she entitled to a recovery notwithstanding such lapse of time? She is entitled to recover, if at all, only upon the facts thus presented, and without the exercise of any presumption other than such as follows as a legal deduction from these facts. Such facts are: (1) The parties were husband and wife; (2) the defendant received, with the knowledge of the plaintiff, the money which came to her as her separate property; (3) he kept the money, and at all times treated and claimed it as his own property; (4) more than six years had elapsed since defendant received the money. Upon these facts alone a recovery by the plaintiff would be barred, unless, at least, some equity in her favor is shown which takes the case out of the operation of the statute.

It is claimed in her behalf that the transaction constituted a trust in respect to which the statute did not operate. As the case is before us it is unnecessary to consider the effect, as to the operation of the statute of limitations, or as to the legal rights of the parties, of transactions founded upon trust and confidence between husband and wife respecting the property of either, nor need we consider what "trusts" may be unaffected by the statute of limitations. This is the case of a wife seeking by an action a recovery of money from her husband, which, unless the effect of the statute is avoided, is barred. It is incumbent upon her, as it would be upon any plaintiff, to lay before the court the facts, if any exist, which take her case out of the operation of the statute. She has not done so. Our statutes have

confirmed the separate property of a married woman in her, and freed it from the control of the husband. She is also made capable of contracting in respect thereto; (with an exception as to real property,) even with her husband, as if *sole*. A trust, in any technical or proper sense, is not necessarily created whenever the money of a married woman comes with her knowledge into the possession of the husband. The transaction may as well be a gift or a loan from her to him, and the intention of the parties, as between themselves, will determine whether the property still remains hers, or becomes that of the husband either as donee or borrower.

Conceding that under some circumstances it would be presumed, from the fact alone that the husband became possessed of the property of the wife, that he received it for her, and retained it in her behalf and as her property, yet even such a presumption cannot be exercised in this case, where the fact is found that he received and always claimed it as his own. In the face of this fact it is not to be presumed that he received and held it in her behalf and in trust for her. In the absence of any express agreement that he should hold it for her, and of any understanding or intention on her part that he should do so, his conduct, adverse to her claim, will not be construed as a trust in her favor, where it is incumbent upon her to prove her equitable right as against him. If there was any agreement that he should hold for her; or if there was any mutual understanding to that effect; or if such was her own intention; or if by any fraud her rights have been affected, it was for her to show such facts. Such facts are not presented, and, upon the facts found, the conclusion of the court below was correct. It is not claimed that the findings are imperfect or defective, and, if they were, the remedy would be in the court below. Upon this appeal the finding must be regarded as presenting the whole case, so far as issue is made.

Judgment affirmed.