PAYNE V. WILSON. *et al.*

1. **Husband and wife**: WIFE'S MONEY LOANED TO HUSBAND: NOTE FOR : CONSIDERATION : RIGHTS OF CREDITORS. Although the legal title to money loaned by a wife to her husband, in a state where the common law prevails, passes to the husband,- she yet has an equitable claim therefor, which, with the joining in a mortgage releasing her dower and homestead rights, is a good consideration for a promissory note afterwards given her by the husband for the repayment of the money,—especially as against subsequent creditors. (See cases cited in opinion.)

2. ——— : ——— ::OTHER CREDITORS : ESTOPPEL : GOOD FAITH. A wife who loans her money to her husband, without notice to others, is not estopped, as against other creditors, to assert her claim against him for the money ; and it is no matter that she knows that there are other creditors who will necessarily be delayed or defeated, if her only purpose is to secure herself, and not to defraud others. (See cases cited in opinion.)

3. ——— : FRAUDULENT CONVEYANCE : HOMESTEAD. Creditors of the husband cannot complain of the conveyance by him of his homestead to. his wife, unless they show that the homestead was subject to sale for the satisfaction of their demands. (See cases cited in opinion.)

*Appeal from Wright District Court.*—HON. D. D. MIRACLE, Judge.

FILED, DECEMBER 22, 1888.

ACTION in equity to restrain the sale of land on execution. There was a trial on the merits, and a decree for plaintiff. The defendants appeals.

*N. F. Weber* and *R. H. Whipple,* for appellants.

*Nagle & Birdsall,* for appellee.

ROBINSON, J.—The plaintiff alleges that she is the owner of the forty-acre tract of land described in the

petition ; that the defendant sheriff has levied thereon an execution issued on a judgment rendered against one Stephen Payne, and, unless restrained, will proceed to sell the same ; that said land is not subject to sale under said execution, and is not subject to the judgment. She asks that the sheriff be perpetually enjoined from selling the land to satisfy said execution and judgment. The defendants allege that plaintiff is the wife of Stephen Payne, and that he is the owner of the land in controversy ; that it was conveyed by the husband to the wife after the suit in which the judgment was rendered had been commenced, without consideration, and to defraud the creditors of the husband. They ask that the conveyance from him to the plaintiff be declared void as in fraud of creditors. It appears that plaintiff and Stephen Payne were married in the year 1846 ; that she then had four hundred dollars, which she let her husband have to use. Prior to the year 1867 the husband owned a farm in Wisconsin, on which he lived with his wife. In the fall of that year he decided to go into business in Fort Atkinson, and to obtain the money for that purpose he mortgaged the farm. Plaintiff refused to sign the mortgage until her husband had settled for the money he had borrowed by giving her his note for six hundred dollars. In October, 1877, she exchanged this note, which then amounted to $971, with her son Charles, for his note for that amount. Charles took a new note from his father for the amount due on the old note, and a mortgage on forty acres of land to secure it. In October, 1880, Charles paid his note by assigning to his mother the note and mortgage he had taken from his father. In the spring of the next year plaintiff took land in payment of her note and mortgage, and assumed incumbrances thereon. In May, 1881, she sold the land, and realized therefrom about fourteen hundred dollars. She claims that she gave twelve hundred dollars of this money to her husband, with which to buy land and stock. The land was to belong to her, and the title was to be in her name. It appears that the land in controversy was purchased with a part

of this money.  Through some misunderstanding the seller executed the deed therefor to the husband, and left it with a third party for delivery.  The husband accepted it in that form, and afterwards gave a mortgage on eighty acres of land, including that in controversy, to the plaintiff, to secure a note for five hundred dollars.  In the year 1867 or 1868 Stephen Payne purchased an interest in a foundry and machine-shop in Fort Atkinson.  The business of operating it was first carried on by a copartnership, of which he was a member, and afterwards by an incorporated company, under the management of Payne.  In November, 1873, it was found that this company was owing twelve thousand dollars, and it was doubtful if the assets were sufficient to pay the liabilities.  At that time a new copartnership was formed, of which Payne was a member.  This assumed the debts of the company, and carried on its business, having taken a transfer of its assets.  In November, 1876, it was found that the debts of the new firm had increased from twelve to eighteen thousand dollars, and the shop was closed. Payne, however, continued to sell the manufactured goods and collect notes due the firm, and pay its liabilities, for nearly a year.  It was then found that the liabilities were about as large as ever.  The business was closed, and the debts paid by six of the seven partners, Payne refusing to pay anything.  Suit was brought by the partners against Payne in the year 1880, and judgment was rendered against him.  On the twenty-second day of October, 1885, suit was brought against him on that judgment in Wright county, and a judgment was afterwards obtained thereon.  The execution involved in this suit was issued on that judgment, and at the time it was levied Payne was insolvent.  Six days after that suit was commenced, but before judgment was rendered therein, Payne conveyed the land in controversy to his wife.  It is this conveyance which defendants, the sheriff of Wright county and the owners of the judgment, seek to have set aside.  The district court rendered a decree for plaintiff as prayed.

Payne v. Wilson.

I.   It is claimed by appellants that the common law prevailed in Wisconsin when plaintiff made the original

**1. HUSBAND and wife: wife's money loaned to husband: note for: consideration: rights of creditors.** loan of four hundred dollars, and that when he acquired possession of the money the husband acquired an absolute title thereto by virtue of the common law.   Conceding, for the purposes of this case, that the legal title did pass to the husband with the transfer to him of the money, yet, since the wife did not in any manner acquire it from him, she had an equitable claim therefor, which could have been enforced by a proper proceeding. *Logan v. Hall,* 19 Iowa, 497; *Jaycox v. Caldwell,* 51 N. Y. 395; *Savage v. O'Neil,* 44 N. Y. 298. Two considerations seem to have induced the giving of the note of 1867, *i. e.*, the payment of the equitable claim due the wife, and the securing of her signature to the mortgage, which included a release of her contingent interest and homestead right.   The indebtedness in controversy in this action had not then been incurred by the husband.   It seems clear to us that the note was given for a sufficient consideration, and was valid.

II.   Appellants contend that plaintiff, by giving to her husband the money without notice to others of her

**2. ____ : ____. other creditors : estoppel : good faith.** rights therein, is estopped from now making any claim thereto to the prejudice of creditors.   But she loaned the money to her husband, and thereby became his creditor. *In re Alexander,* 37 Iowa, 454.   She is not barred by any statute from asserting her rights.   *Gilbert v. Glenny,* 75 Iowa, 513, and cases cited.   It does not appear that she has by any act or representation misled any one to his prejudice.   The fact that she knew of her husband's embarrassment at subsequent times, when she attempted to secure her claims, is immaterial, unless she intended by her acts to hinder or otherwise defraud the creditors of her husband.   *City Bank v. Wright,* 68 Iowa, 133. So far as the facts are disclosed by the record,  plaintiff has  at all times acted in good faith in the protection of her own rights, without any attempt or device to hinder

others, save as it may have been necessary to secure her own claims.

III.   It is insisted by appellants that the evidence shows that the conveyance which they ask to have set aside was made without consideration, and they call attention to the various conveyances as tending to show that the wife has received from her husband more than was due her.   Two of these conveyed two tracts of land. It appears that one, if not both, of these tracts was taken in payment of indebtedness due the plaintiff, subject to certain incumbrances thereon.   It does not appear that the amount she allowed therefor was inadequate.   By another conveyance the husband transferred to the wife their homestead.   It is not claimed

<sup>3.</sup> —— : fraudulent conveyance : homestead.

that this was subject to the indebtedness which defendants are seeking to collect. Therefore they have no right to question the disposition made of it.   *Officer v. Evans*, 48 Iowa, 557; *Delashmut v. Trau*, 44 Iowa, 613.   Other transactions are discussed by counsel, which need not be mentioned specifically.   It is sufficient for us to say that in our opinion the evidence fails to show fraud on the part of plaintiff, and that it appears that her claim upon the land was a sufficient consideration to sustain the conveyance thereof to her; that she is its rightful owner; and that the decree of the district court is correct.   It is therefore

AFFIRMED.