IN RE ESTATE OF SAMUEL DEANER, Deceased, CLAIM OF
SUSAN C. DEANER, Appellant.

**Husband and wife:** ACTION BY WIFE. Where a wife loans her husband money from her separate estate, taking his note therefor, she has a right under Code, section 3155, to maintain an action on the same against him during coverture.

**Limitation of actions.** The statute of limitations will run against a debt due from a husband to his wife the same as in other cases.

**Trusts.** Where a wife turned her own money over to her hus-
band, who gave his notes therefor and used the same as his
own, it could not be regarded as held in trust by him in the
absence of a showing that he agreed to so hold it for her.

*Appeal from Black Hawk District Court.*— HON. F. C.
PLATT, Judge.

TUESDAY, MARCH 7, 1905.

SAMUEL DEANER died in 1901, and his widow, Susan
C. Deaner, was appointed administratrix of his estate.   On
the 11th of November, 1901, she filed, as a claim against
the estate, two promissory notes, dated June 20, 1884, and
December 1, 1890, respectively — the first for $835, and
the last for $500 — each bearing interest at the rate of six
per cent. per annum, and payable on demand.   A special
administrator was appointed, who reported in favor of the
allowance of the claim, but to this the heirs objected on the
ground that the notes were barred by the statute of limita-
tions.   The court sustained this plea, and claimant appeals.
— *Affirmed.*

*Mullan & Pickett,* for appellant.

*Millar & Williams,* for appellee.

LADD, J.— The notes upon which the claim against the
estate of deceased is based were executed more than ten years
prior to his death, and were payable on demand.   The con-
sideration was the loan of money belonging to
claimant to her husband.   To this claim the
bar of the statute of limitations was inter-
posed as a defense.   The claimant contends that this ought
not to have been sustained, for that the wife could not have
maintained an action on the notes against her husband in
his lifetime, and hence that the period of the statute did not
begin to run until coverture had been removed by death, and

1. HUSBAND AND
   WIFE: action
   by wife.

further that, even if this be not so, the general statute of limitations does not apply to contracts between husband and wife. Neither of these propositions is sound. Claimant had the right to contract with her husband with respect to her separate estate, and such was the money for which the notes were given. See *Logan v. Hall,* 19 Iowa, 491; *Payne v. Wilson,* 76 Iowa, 377; *Hoaglin v. Henderson & Co.,* 119 Iowa, 720; *McElhaney v. McElhaney,* 125 Iowa, 278. Section 3155 of the Code declares that, " Should the husband or wife obtain possession or control of the property belonging to the other before or after marriage, the owner may maintain an action therefor or for any right growing out of the same in the same manner and extent as if they were unmarried." In borrowing her money, the deceased obtained possession of her property, and the agreement contained in the notes to repay conferred a right growing out of the same, which she, under the express provisions of the statute, was entitled to enforce in an action against him at any time after the execution of the notes. *Mereness v. First Nat. Bank,* 112 Iowa, 11.

No exception in behalf of married women, of actions against their husbands, is found in the statute of limitations. It provides that " actions may be brought within the times 2. LIMITATION herein limited respectively, after their causes OF ACTIONS. accrue and not afterwards, except when otherwise specially declared. * * * Those founded on written contracts * * * within ten years." Section 3447, Code. As all exceptions not " otherwise specially declared " are excluded, we are not permitted to insert any, even though we might think that, owing to the relation of the husband and wife, she should be relieved from the necessity of pressing her claims against her husband in order to keep them alive. That was a matter for legislative consideration, and does not constitute a reason for refusal by the courts to give effect to a specific statute to the contrary. *Wilson v. Wilson,* 36 Cal. 447 (95 Am. Dec. 194); *Wyatt v. Wyatt,* 81

Miss. 219 (32 South. Rep. 317); *Gray v. Gray,* 13 Neb. 453 (14 N. W. Rep. 390); *Bromwell v. Schubert,* 139 Ill. 424 (28 N. E. Rep. 1057); *Muus v. Muus,* 29 Minn. 115 (12 N. W. Rep. 343). And see, as recognizing the applicability of the statute, *Stewart v. McFarland,* 84 Iowa, 55; *Bonbright v. Bonbright,* 123 Iowa, 305; *Roberts v. Brothers,* 119 Iowa, 309. The cases cited from States where the common law prevails — that the wife may not sue the husband — are not in point, and those resting on statutes somewhat similar to ours do not meet our approval. See *Second Nat. Bank v. Merrill,* 81 Wis. 151 (50 N. W. Rep. 505, 29 Am. St. Rep. 877); *Barnett v. Harsbarger,* 105 Ind. Sup. 410 (5 N. E. Rep. 718). That the first of these was erroneous is conceded in the later case of *Brader, v. Brader,* 110 Wis. 423 (85 N. W. Rep. 681), though followed because of property interests involved; and the reasons given in the last would have been more pertinent if offered in support of an amendment to the statute by the legislature.

There is no ground for the suggestion that the money was retained by the husband as a trust fund. He is not shown to have agreed to hold it for her. On the contrary, he made use of it as his own, and, in the notes, promised to repay. It was merely a debt of his to his wife, and could only have been enforced as such. *Muus v. Muus,* 29 Minn. 115 (12 N. W. Rep. 343).

3. TRUSTS.

We conclude that the claim was barred, and was rightly rejected.— *Affirmed.*