BARBARA E. WATKINS, APPELLANT, v. THOMAS J. ADAMSON ET AL., APPELLEES.

FILED JULY 1, 1925. No. 23197.

Limitation of Actions: MARRIED WOMEN. Since the enactment by the legislature of the married woman's act, permitting married women to sue in the same manner as if they were unmarried, the former disability of coverture, so far as it relates to the right to bring an action, has been removed, and the statute of limitations now runs against married women during coverture, notwithstanding an earlier statute which, in terms, allowed married women the full period of limitations after the removal of the disability of coverture.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Lambert & Hawxby* and *Hall, Cline & Williams,* for appellant.

*Paul Jessen, William G. Rutledge, Ŕ. F. Neal* and *E. F. Armstrong, contra.*

Heard before MORRISSEY, C. J., GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

On December 15, 1912, Gertrude Adamson loaned to her husband, Thomas J. Adamson, $2,200, and received therefor a promissory note, due one year after date and signed by her husband and his father. When this note became due Adamson and his father executed a renewal note for the same amount and due one year later. In February, 1916, Gertrude Adamson died intestate, without issue, leaving as her next of kin and heirs at law her mother, Barbara E. Watkins, and her husband. In November, 1920, E. M. Boyd was appointed administrator of the estate of Mrs. Adamson, deceased. Mrs. Watkins then requested the administrator to bring an action on the promissory note, to which reference has been made. He refused, on the ground that the note was barred by the statute of limitations. Thereafter this action was brought in equity by Barbara E. Watkins against Thomas J. Adamson and Boyd, the administrator, to require an accounting from Thomas J. Adamson to those lawfully entitled to the proceeds of the note. Adamson admitted the execution of the note and pleaded the statute of limitations as a defense. Another defense was pleaded which need not be considered. The administrator also answered and admitted his refusal to bring action on the note, on the ground that the uncertain nature of the claim justified such refusal. The trial court held that the action was barred by the statute of limitations, and entered judgment of dismissal. Plaintiff appeals.

This action was not begun until after the lapse of more than five years from maturity of the note in controversy. Section 8510, Comp. St. 1922, requires that an action on a

written contract shall be commenced within five years after the cause of action accrues. Plaintiff, however, contends that coverture prevents the running of the statute and that the statute did not begin to run during the lifetime of Mrs. Gertrude Adamson. This contention is based upon section 8519, Comp. St. 1922, as it existed prior to 1913. Prior to that date the statute provided, in effect, that if a person entitled to bring any action, except for penalty or forfeiture, be, at the time the cause of action accrues, a married woman, she shall be entitled to bring such action at any time within the time limited by the statute after such disability shall be removed.

However, after the enactment of that statute, the legislature enacted a law known as the married woman's act (Laws 1871, p. 68, sec. 3) which permitted married women to sue and be sued in the same manner as if they were unmarried. After the enactment of this statute, coverture no longer constituted a disability, so far as relates to the right to bring an action.

In *Murphy v. Evans City Steam Laundry Co.*, 52 Neb. 593, it was held that, after the enactment of the married woman's act, the statute of limitations would run against a married woman during coverture, notwithstanding the statute, which allows married women the full period of limitations after the removal of the disability of coverture. Other cases holding a similar view are *Pope v. Hooper*, 6 Neb. 178; *Omaha Horse Railway Co. v. Doolittle*, 7 Neb. 481; *Morse & Co. v. Engle*, 28 Neb. 534; *Smithson v. Smithson*, 37 Neb. 535; *Linton v. Heye*, 69 Neb. 450.

By the holdings of this court it is quite clear that coverture no longer constitutes a disability, preventing the bringing of an action, and does not interfere with the running of the statute of limitations against a married woman. Under the authorities cited, this action was barred by the statute of limitations and the district court properly dismissed the action. The judgment is

AFFIRMED.