LANGE, Estate of, In re: LANGE, Petitioner-Appellant, v. LANGE, et, Defendants-Appellees.

Ohio Appeals, Second District, Preble County.

No. 122.   Decided November 19, 1949.

King & Young, Eaton, for appellant.
Thurston F. Bittle, Eaton, for appellees.

## OPINION

By HORNBECK, J:

The appeal is on questions of law from a judgment dismissing plaintiff's petition after the sustaining of a demurrer thereto. The demurrer raised the question of the bar of the Statute of Limitations as against the cause of action sued upon.

The plaintiff was the wife of Herman Lange in his lifetime. The parties present the question in this court upon an agreed statement of facts from which it appears that on September 26, 1925, while plaintiff and Herman Lange were living to-

gether as husband and wife he executed and delivered his promissory note to his wife in the sum of $1200.00, due one year after date and that the note had not at any time been renewed; that plaintiff and Herman Lange, after the giving of the note, lived together continuously as husband and wife until his death on May 19, 1948; that the plaintiff was duly appointed the administratrix of the estate of Herman Lange, deceased, on June 9, 1948 and that on June 25, 1948, she filed her petition for allowance of the claim against said estate based on the above mentioned note. To this petition the demurrer was interposed and sustained. The question presented is whether or not the Statute of Limitations runs against plaintiff's claim because of the marriage relations subsisting between them at the time the cause of action arose and continuously thereafter for more than fifteen years.

By the terms of §7999 GC the husband and wife were free to enter into any engagement or transaction with the other; which either might if unmarried. In **Gould v. Cooper, 15 Oh Ap 223,** and Hart v. Service, 3 O. N. P., 316, it was held that this section gives the husband or wife the right to maintain an action to enforce a contract between them. Thus, notwithstanding the confidential relationship of husband and wife with all that it implies, one has the right to maintain an action at law against the other on contract and it follows that such action would lie upon a promissory note. **Sec. 7999 GC** is a part of the Marriage Relations Act which removes the common law disabilities of a married woman, **Bechtol v. Ewing, 89 Oh St 531,** and the unity of the spouses as it was known at common law.

The tolling of the Statute of Limitations because of certain disabilities is now found in §11229 GC, and they are minority, unsound mind or imprisonment as to which an action, unless for penalty or forfeiture, may be brought within the times limited by the various statutes of limitations after such disability is removed. The subject matter of this section of the code is the same as that of amended §4986 GC found in an act enacted April 14, 1886, **83 O. L. 74.** Prior to the enactment of this section, a former section bearing the same number was effective and carried one of the disabilities as "a married woman". House Bill No. 699, passed March 26, 1883, **80 O. L. 77.**

Revised Statute 3112, later §7999 GC, was enacted after the act of April 14, 1886 manifestly with the knowledge of the legislature that the statute of limitations contained no exception in its application to actions growing out of transactions of a married woman with her husband. The removal

of the married woman from the list of disabilities tolling the statute of limitations was by express action of the law-making body and is not a repeal by implication and, it must be assumed, it was enacted with full appreciation of its effect.

The statutes of limitations bearing no exceptions in favor of a married woman must be given application unless to do so would be so manifestly against public policy as to support the action of the courts in refusing to enforce them.

We recognize the force of the argument of counsel for the appellant that the effect of compelling a married woman to sue her husband during coverture might tend to disrupt the felicitous relations that should normally exist in the married state but we do not believe it would support our action nullifying the express terms of the statutes and the avowed purpose of the legislature.

We have been referred to the one case in Ohio which is in point. Liggett, Admx. v. Est. of Liggett, et al., 3 O. N. P. N. S. 518. We believe this opinion is sound upon its logic and according to a note thereto was affirmed in the Common Pleas and Circuit Courts. It is true that as suggested by counsel for appellant it may have been affirmed upon one of the grounds other than the effect of the statute of limitations upon the right of the married woman to maintain her action on her note against her husband's estate.

We recognize that the weight of authority outside of Ohio is against our holding. Some of the cases can be distinguished but many of them from numerous states are grounded upon the proposition that to construe the law so that a married woman would have to sue her husband during coverture to prevent the statute of limitations running against her claim would tend to disrupt the marital relations, the unity of the spouses, and should not be countenanced by the courts. In Ohio we believe that the rationale of these cases could more properly be brought to the attention of the legislature than to the courts in view of the language of the statutes which are controlling.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.