LILLIAN I. DUNNING, Respondent, *v.* FRANK E. DUNNING, Appellant.

Argued January 11, 1950; decided March 2, 1950.

*R. Waldron Herzberg* and *R. Monell Herzberg* for appellant. I. Plaintiff's claims are barred by the Statute of Limitations. (Civ. Prac. Act, § 47; *Chapin* v. *Posner,* 299 N. Y. 31; *Clayburgh* v. *Clayburgh,* 261 N. Y. 464.) II. Plaintiff wife was under no disability to sue her husband and it was not against public policy for her to do so. (*Fowler* v. *Wood,* 78 Hun 304, 150 N. Y. 584; *Wright* v. *Wright,* 54 N. Y. 437; *Acker* v. *Acker,* 81 N. Y. 143.) III. No explanation was given to show why the notes were not presented within the time provided by statute. (*Greenwich Bank* v. *Hartford Fire Ins. Co.,* 250 N. Y. 116; *Commercial*

*Nat. Bank* v. *Zimmerman,* 185 N. Y. 210; *McNee* v. *Ring,* 159 Misc. 698.) IV. Both the Statute of Limitations and the presentation for payment were sufficiently raised by the pleadings.

*William E. J. Connor* and *Morris Millman* for respondent. I. Since the Statute of Limitations is an affirmative defense which must be both specifically pleaded and proven, and since said statute was at no time pleaded, it is no bar to this action. (*Richardson* v. *Gregory,* 219 App. Div. 211; *Schenck* v. *State Line Tel. Co.* 238 N. Y. 308; *Hayden* v. *Pierce,* 144 N. Y. 512; *Titus* v. *Poole,* 145 N. Y. 414; *Hamilton* v. *Royal Ins. Co.,* 156 N. Y. 327; *Dunkum* v. *Maceck Bldg. Corp.,* 227 App. Div. 230; *City of Buffalo* v. *County of Erie,* 88 Misc. 591, 171 App. Div. 973, 220 N. Y. 620; *People ex rel. City of Tonawanda* v. *Fitzhenry,* 170 App. Div. 227; *Minzesheimer* v. *Bruns,* 1 App. Div. 324.) II. Plaintiff presented the notes for payment within a reasonable time. (*Commercial Nat. Bank* v. *Zimmerman,* 185 N. Y. 210; *McNee* v. *Ring,* 159 Misc. 698; *Zaloom* v. *Ganim,* 72 Misc. 36, 148 App. Div. 892; *Matter of Taylor,* 174 Misc. 457.) III. In view of the fact that the State of New York has adopted the Uniform Negotiable Instruments Law as its own, the public policy of this State should conform with the public policy of all other States adopting the Negotiable Instruments Law that the Statute of Limitations does not apply between husband and wife with respect to negotiable instruments. (*Morrish* v. *Morrish,* 262 Pa. 192; *Bennett* v. *Finnegan,* 72 N. J. Eq. 155; *Gray* v. *Gray,* 39 N. J. Eq. 511; *Metlar* v. *Williams,* 86 N. J. Eq. 330; *Fawcett* v. *Fawcett,* 85 Wis. 332; *Campbell* v. *Mickelson,* 279 N. W. 73; *Stockwell* v. *Stockwell's Estate,* 92 Vt. 489; *Matter of Banfield,* 299 P. 323.)

DESMOND, J. The suit is on twelve promissory notes, all payable on demand, given by defendant, to plaintiff, his wife, on various dates in 1929, 1931 and 1932, the complaint further alleging that payment of all the notes was demanded in June, 1947, but that no payment was ever made. It appears by a stipulation, hereafter referred to, that the parties separated in May, 1947. The answer admits the making and delivery of the instruments, and, besides that admission and an alleged defense later abandoned, contains only this: " III. That presentment for payment of each of said twelve promissory notes

payable on demand was not made within a reasonable time after issue as the said notes were issued between November 18, 1929, and March 26, 1932, and demand for payment of each of said twelve promissory notes was not made until June 3, 1947.''

The record on appeal, presented to the Appellate Division and to this court, omits the testimony taken on the trial, but does contain an oral motion to dismiss made at the trial, some colloquy thereon, and a stipulation of facts, entered into after there had been a decision and judgment in favor of plaintiff, and after defendant had appealed therefrom to the Appellate Division. Since the record thus certified to us contains neither a pleading of the Statute of Limitations nor a motion to dismiss on that ground (see Civ. Prac. Act, §§ 242, 261; Rules Civ. Prac., rule 107; and *Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290, 295), nor a waiver by plaintiff of defendant's failure to raise such a defense, we agree with the Appellate Division that, on this record, no such defense was available to defendant.

Since the Statute of Limitations could thus play no part in the decision, it is unnecessary, strictly speaking, for us to comment on the statement in one of the opinions below (citing cases in other States) that the Statute of Limitations does not run in favor of one spouse as against the other while they are living together. However, we point out that no such exception is found in article 2 of the Civil Practice Act, or elsewhere in our statutes, and the creation thereof is beyond the power of any court (see *Mack* v. *Mendels,* 249 N. Y. 356, 359, citing *Ruggles* v. *Keeler,* 3 Johns. 263; *Taylor* v. *New York Central R. R. Co.,* 294 N. Y. 397, 402, certiorari denied 326 U. S. 786; *Gregoire* v. *G. P. Putnam's Sons,* 298 N. Y. 119, 125; *Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57, 60; *Chapin* v. *Posner,* 299 N. Y. 31, 41). Quite obviously, too, a refusal to apply time limitation statutes between husband and wife would be inconsistent with the New York Married Women's Property Act (see Civ. Prac. Act, § 200; Domestic Relations Law, §§ 50, 51; *Winter* v. *Winter,* 191 N. Y. 462, 467).

The answer, as quoted above, pleads as a defense, that presentment for payment of these notes was not made within a reasonable time, and there is some discussion in one of the opinions below as to whether or not more than a reasonable time elapsed, in this situation, between issue and presentment.

So that our affirmance here will not be misunderstood, we point out that presentment for payment is not necessary to charge a person who, like defendant here, is primarily liable on the instrument (Negotiable Instruments Law, §§ 3, 110, 130; *Locklin v. Moore,* 57 N. Y. 360, 362; *Buldwin's Bank* v. *Smith,* 215 N. Y. 76, 79).

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.