Owen McGtvern, J.
The defendant herein moves to add new conditionally necessary party defendants, and the plaintiff cross-moves for summary judgment on the complaint and against the counterclaims.
The action is to recover on four promissory notes totaling $10,500. Defendant denies the material allegations of the complaint but admits the making and delivery of notes. The answer also includes counterclaims and affirmative defenses alleging a conspiracy entered into between plaintiff and five additional persons, who are sought to be joined as parties herein.
The complaint alleges the purchase of four promissory notes totaling $10,500. They were drawn by defendant and payable to one M. Kopp, now deceased. They were indorsed by the four executors of deceased to the order of two sole beneficiaries, also coexecutors; the latter, in turn, indorsed them over to M. Kopp, Inc., who sold the notes to plaintiff. All this was done prior to maturity of the notes.
The answer alleges that Morris Kopp, the deceased, received from the defendant on memorandum diamonds of the value of $153,154; that during the lifetime of Morris Kopp, deceased, the defendant did borrow money from said deceased and did execute promissory notes payable to him, among which said *157 promissory notes are the notes in suit; that after the death of deceased the four named executors of his will, and an unidentified person described as “ John Doe ” in the answer, conspired whereby it was agreed that they would claim that the diamonds delivered to the deceased on memorandum were missing and they would advise the defendant that the promissory notes, including the ones herein sued upon, would be conveyed to someone who would purport to be a bona fide holder for value, so that there could be no defense to a suit upon said notes by reason of the fact that there is a counterclaim for the value of the diamonds delivered by the defendant to deceased, and thus deprive defendant of its property; further, that in furtherance of said scheme the said named executors and John Doe conspired with plaintiff wherein plaintiff would falsely and fraudulently represent himself to be a bona fide holder for value of the said notes at a time when he knew, or should have known, that he was not such a bona fide holder for value and at a time when he knew, or should have known, of the scheme or conspiracy and of the acts referred to; that in furtherance of the conspiracy Roslyn Kopp, a coexecutor and one of the two beneficiaries, and John Doe claimed that the diamonds could not be found, when in fact they knew or should have known where they were, and the other executor also knew where the diamonds were; and that Roslyn Kopp threatened the defendant that unless it was agreed that all the executors could retain the diamonds free and clear of any claim of the defendant, the various notes, including the notes in suit, would be promptly negotiated to third parties, so that the defenses then available to defendant would not be available to it against the said third parties; that Roslyn Kopp and John Doe represented that the notes given by defendant to Morris Kopp, including the notes sued upon, would be declared fully paid provided defendant relinquished all claims to the diamonds; that the executors and John Doe falsely and fraudulently changed and altered the notes, which were insertions of the due date, place of payment, interest, and other changes and alterations, in known violation of the original agreement between the deceased and defendant; that plaintiff, the executors, and John Doe caused this suit to be instituted against defendant to prevent defendant from obtaining the benefit and advantage of its property, the said diamonds; that plaintiff agreed with the others to sue only defendant on the notes, and he would be indemnified for expenses or losses and would share in the profit with the executors on the diamonds; and defendant claims damage to its credit and that it was put to great expense.
*158 It appears, therefore, from the answer, that plaintiff’s part in the alleged conspiracy was to falsely represent himself as a holder for value and to bring this action under an arrangement whereby' he would share in the profits with respect to the diamonds.
The documentary and other proof establishes the purchase by plaintiff of eight promissory notes, which includes the four in suit, for $42,400. Plaintiff on the due date forwarded the notes to his bank for collection, and they were not paid. The documentary proof establishes presentment and nonpayment. Presentment is not necessary herein to charge defendant, who is primarily liable on the notes (Dunning y. Dunning, 300 N. Y. 341; Negotiable Instruments Law, §§ 3, 110, 130). Plaintiff avers that he has never met with or spoken to the other parties sought to be brought in. The proof is ample that plaintiff is a holder in due course as defined in section 91 of the Negotiable Instruments Law.
The defendant has failed to submit satisfactory proof raising a triable issue on its defenses and counterclaims. The existence of triable issues of fact is not established merely by repeating the allegations of a pleading (Pribyl v. Van Loan & Co., 261 App. Div. 503, affd. 287 N. Y. 749). Bald conclusory assertions are not enough (Kramer v. Harris, 9 A D 2d 282). The defendant has failed to assemble, lay bare, and reveal its proof in order to show that the matters set up in the answer are real and capable of being established upon a trial (Di Sabato v. Soffes, 9 A D 2d 297, 300). A shadowy semblance of an issue is not enough (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, 660). There must be a disclosure of evidentiary facts, not surmise, conjecture or suspicion (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 63).
The charge that plaintiff is not a holder in due course and is a co-conspirator with respect to an actionable wrong is not supported by any competent proof raising a triable issue.
Accordingly, plaintiff is entitled to summary judgment on the complaint and counterclaim. In view of this disposition, the main motion is rendered academic.