AUS, Appellant v. CARPER, Respondent

(151 N.W.2d 611)

(File No. 10359. Opinion filed June 20, 1967)

**Mumford, Protsch & Sage,** Howard, for appellant.

**L. F. Ericsson,** Madison, for respondent.

BIEGELMEIER, Judge.

George Carper and Agnes Carper were married January 12, 1956. On March 11, 1957, George Carper executed and delivered to Agnes Carper his note in the sum of $4,000 due March 11, 1958. He died November 22, 1964. Agnes Carper duly filed a claim against his estate based·on the note which the county court allowed. Orva Aus, his daughter from a prior marriage, appealed from the decision to the circuit court which affirmed the decision of the county court.

The question whether the statute of limitations[1] applies to a wife with reference to a claim against her husband is presented to this court for the first time. An extensive note on the subject appears in 121 A.L.R. 1382, following the reported opinion of Cary v. Cary, 159 Or. 578, 80 P.2d 886, 121 A.L.R. 1371. The annotation in 121 A.L.R. concludes in the absence in a statute of limitation of a saving clause in favor of married women or a clause that excepts them from the operation of the statute during coverture, the question whether the statute begins to run during the continuance of the marriage relation "has quite generally been answered to the effect that the statute does not run" (p. 1384) and "by the great weight of authority the rule that the

---

1. SDC 1960 Supp. 33.0232 provides:
   "Except where, in special cases, a different limitation is prescribed by statute, civil actions other than for the recovery of real property can be commenced only within the following specified periods of time after the cause of action shall have accrued: * * *
   (4) Within six years:
   (a) An action upon a contract, obligation, or liability, express or implied * * *."
   SDC 1960 Supp. 35.1415 provides:
   "No claim must be allowed by the executor or administrator or by the judge which is barred by the statute of limitation".

statute of limitations is inapplicable between husband and wife applies notwithstanding the married woman's acts abolishing most of the common-law disabilities of feme covert" (p. 1393). See also 34 Am.Jur., Limitation of Actions, § 377. Though holding the statute of limitations applied the intermediate court of appeals, in Lange v. Lange, 1949, Ohio App., 91 N.E.2d 546, 56 Ohio Law Abst. 190, recognized "the weight of authority outside of Ohio is against our holding". Like the Kansas court, infra, we do not attempt to balance these conflicting holdings.

The rationale that the statute of limitations is not applicable is expressed in Cary v. Cary, supra, quoting from Morrish v. Morrish, 262 Pa. 192, 105 A. 83:

> " 'The best-considered decisions upon the subject in hand, even since the Married Woman's Property Acts, are to the effect that, owing to the social importance of maintaining the family relation, in suits between wives and their husbands for the protection of the former's property, statutes of limitation, as also presumptions or estoppels by lapse of time, ordinarily, do not affect the rights of the wife, since she cannot be expected to treat her husband as a stranger. As certain courts have well said, any other policy would be apt to beget disagreements and contentions in the family fatal to domestic peace.' "

and in Curtis v. Curtis, 1952, 56 N.M. 695, 248 P.2d 683:

> **" 'It is the policy of the Law to prevent litigation between husband and wife, not to promote it as would be the case if the wife had to sue her husband to avoid limitations and laches.' "**

To the cases referred to in the A.L.R. note may be added Smith v. Smith, 1956, 211 Md. 366, 127 A.2d 374 (laches, no specific provision exempting spouses with Married Women's Property Acts Code 1951) and Bahr v. Cooper, 1948, 141 N.J.Eq. 584, 58 A.2d 604.

The controversy of whether the statute of limitations is applicable between husband and wife has arisen mostly from

the common law unity of the spouses with the consequent dis-ability of the wife to sue her husband or a third person at law, and to encourage domestic peace and tranquility, 34 Am.Jur., Limitation of Actions, § 377, where the text states the controversy has been emphasized rather than answered by the Married Wo-men's Enabling Acts. The decisions of other courts must be viewed in the light of the provisions of law upon which they are based. Commenting thereon the court in Crawford v. Rucker, 155 Kan. 388, 125 P.2d 354, wrote: "While an apparent conflict in such decisions disappears, in many cases, upon critical ex-amination of the divergent statutes underlying them a wide and irreconcilable conflict of authority still remains". However, as in Kansas, our state has gone far in doing away with common law disabilities and in establishing the full equality of women, whether married or single, with men under the law. A wife may enter into any transaction with her husband or other person, respecting property, which either might if unmarried, subject between themselves of the rules which control actions of per-sons occupying confidential relations and neither has any inter-est in the property of the other; a wife may convey her separate property, subject to limited exceptions such as—they cannot alter their legal relations or exclude the other from the dwelling, etc. SDC 14.0201 through SDC 14.0204.

SDC 14.0207[2] is broad in declaring rights of a married wo-man. Since Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266, where the origin in 1866 and development of applicable statutes is outlined, there can be no question of the right of the wife to sue her husband even in tort for damages caused by his negli-gence. The court concluded the incident of coverture described as " 'unity of spouses' * * * cannot be defended". The court assumed the right of the wife to sue her husband for breach

2. "The wife shall have and retain after marriage all the civil and property rights of a single woman. She may buy and sell, receive and convey, or dispose of by will, or otherwise dispose of any real or personal property belonging to her or in which she may have an interest, without joining the name of her husband except as otherwise provided in case of the homestead, and for any injury to her reputation, person, or property, she may sue in her own name without joining her husband as party plain-tiff and in like manner actions founded upon her separate contracts or torts or relat-ing to her individual property may be brought against her without joining the husband as party defendant."

of contract and held the intention of SDC 14.0207 was to grant her "rights and remedies as against the world".[3]

But it is said in the cases cited earlier the policy of the law to encourage domestic peace and tranquility between the spouses is sufficient basis for courts to imply an exception to the running of the statute. This court has not been unanimous in resolving that problem. The majority in Hinkle v. Hargens, 76 S.D. 520, 81 N.W.2d 888, held fraudulent concealment of a cause of action was a recognized "implied exception to our statute of limitations". Both the majority and minority opinions indicate general adherence to the statute of limitations, the majority stating "courts are reluctant to allow implied exceptions to the statutes of limitations" and the minority that they "should not be subjected to judicial exceptions to accommodate supposed equities or alleviate hardships". The policy argument was pressed on the court in the Scotvold appeal when it was "suggested that a sound public policy which seeks to foster and nurture the sacred marriage relations commands us to hold the portals of our courts closed to this character of litigation". The court answered this by stating there "is nothing to indicate that the Legislature did not intend the full measure of the change it has wrought".

■■ In re Deaner's Estate, 126 Iowa 701, 102 N.W. 825, involved a claim of the widow against her husband's estate made after the running of the statute. The court held the wife had a right to sue her husband and no exception in behalf of married women of actions against their husbands appeared in the Iowa statute. The time within which the action be brought was as therein stated "except when otherwise specially declared"; our statute reads "Except where, in special cases, a different limitation is prescribed by statute" which is substantially the same. SDC 1960 Supp. 33.0204 contains a limited exception for three

---

3. Tarpinian v. Wheaton, 79 S.D. 473, 113 N.W.2d 472, enforced, as against purchasers at trustee's sale in bankruptcy of the owner-husband's interest in land, the wife's half interest therein based on loans she made to the husband.

classes of persons, i. e., those under 21 years of age, insane or imprisoned.[4] No exception appearing for married women, we are not at liberty to insert it as this is a matter for legislative consideration, In re Deaner's Estate, and if it be said to be policy or public policy the legislature has determined that by SDC 1960 Supp. 33.0204.

Examination of the legislative history of SDC 1960 Supp. 33.0204 lends further support to the conclusion we have reached. Its present provisions are substantially those in Section 64 of the 1877 Code of Civil Procedure, Section 4860 of the 1887 Compiled Laws, Section 70 of the 1903 Code of Civil Procedure and Section 2266 of the 1919 Revised Code. However, the First Session of the Legislative Assembly in 1862 enacted Chapter 8, An Act To Establish A Code Of Civil Procedure. Section 25 thereof recognized coverture by requiring with some exceptions that a husband be joined with his wife as a party. Section 16 permitted the three classes of persons noted above and "a married woman" to bring the action within the times limited by the chapter "after such disability shall be removed". The Seventh Session enacted another Code of Civil Procedure which by Section 54 carried the "married woman" as a person under disability and Section 67 the joinder of her husband as a party.[5] In 1877 the legislature enacted another Code of Civil Procedure approved February 17, 1877. Section 64 of this act expressly deleted married women from persons under disability and Section 77 permitted her to appear in an action "as if she were single".

Having adopted the changes in the Civil Code in 1866 expanding a wife's rights,[6] it was only natural for the able code

---

4. SDC 1960 Supp. 33.0204 provides:
   "If a person entitled to bring an action (exceptions not herein applicable) be at the time the cause of action accrued, either:
   (1) Within the age of twenty-one years;
   (2) Insane; or
   (3) Imprisoned on a criminal charge; or in execution under the sentence of a criminal court for a term less than his natural life;
   the time of such disability is not a part of the time limited for the commencement of the action.
   "The period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases."

5. Chapter 2 of the 1872-73 Session Laws repealed Chapter 8, 1862 Session Laws, but did not alter Sections 54 or 67 of the 1867-68 Session Laws.

6. See discussion, Smith, J., in Scotvold v. Scotvold, supra.

commission[7] appointed pursuant to Chapter 33, Laws of 1875 to bring the procedural statutes up to date. Thus by both these actions the legislature indicated an intention to place married women in the same legal status as other persons, including actions and claims against her husband. Other courts have arrived at this conclusion by similar statutory changes. Watkins v. Adamson, 1925, 113 Neb. 715, 204 N.W. 816; Lange v. Lange, 1949, Ohio App., 91 N.E.2d 546, 56 Ohio Law Abst. 190; Dunning v. Dunning, 1950, 300 N.Y. 341, 90 N.E.2d 884 (dictum).[8] It protects an estate against stale claims. Crawford v. Rucker, 155 Kan. 388, 125 P.2d 354, involves claims going back 25 years.

The judgment appealed from is reversed.

All the Judges concur.

---

7. P. C. Shannon, Chief Justice, and G. G. Bennett, J., of the Territorial Supreme Court and Bartlett Tripp; see Preface Revised Codes of 1877.

8. The Supreme Court of Wisconsin held the statute did not run against the wife in Campbell v. Mickelson, 1938, 227 Wis. 429, 279 N.W. 73, by reason of an 1891 decision "it has become a rule of property", yet concurred with comments in one of its earlier decisions (Brader v. Brader, 110 Wis. 423, 85 N.W. 681): "The limitation statutes make no exception in her favor, and, however wise exception might be on grounds of public policy, such wisdom is a matter for consideration by the legislature, and not for the courts, when the legislature has acted". This reason was also alluded to by the Oregon court in Cary v. Cary, 159 Or. 578, 80 P.2d 886, 121 A.L.R. 1371. See generally 54 C.J.S. Limitations of Actions §§ 223, 2 24: 34 Am.Jur., Limitations of Actions, § 377; and Litigation Between Husband and Wife, 79 Harv.L.Rev. 1650.