514 P.2d 510

**Donna J. VANA, Appellant,**

v.

**Charles J. ELKINS, Appellee.**

**No. 2 CA-CIV 1425.**

Court of Appeals of Arizona, Division 2.

Oct. 5, 1973.

Rehearing Denied Oct. 23, 1973.

Review Denied Nov. 20, 1973.

Wolfe & Harris, P. A. by Sidney B. Wolfe, Phoenix, for appellant.

J. Emery Barker, Tucson, for appellee.

OPINION

KRUCKER, Judge.

Appellant is a daughter by a prior marriage of appellee's deceased wife. After her mother's death in 1972, appellant sought to collect from appellee the sums due on twelve promissory notes executed by him during his wife's lifetime. These notes evidenced loans made to appellee out of his wife's sole and separate property. In 1967, appellant's mother made a gift of these notes to appellant and in 1969 endorsed them over to her.

Appellant, as holder and owner of the promissory notes, commenced this action on September 18, 1972, against appellee, maker of the notes. Appellee asserted the statute of limitations as a defense and his motion to dismiss was granted as to six claims based upon notes payable in 1960 and 1961.[1]

A.R.S. § 12–548 provides:

"An action for debt where indebtedness is evidenced by or founded upon a

1. The trial court expressly determined that there was no reason for delay and directed entry of judgment as to these six counts, thus rendering the judgment final for appeal purposes.

contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward."

The trial court apparently concluded that notwithstanding the subject notes were executed during coverture, the limitations period had run and appellant was barred from collecting thereon. Appellant attacks this ruling, contending that the statute of limitations is tolled during coverture and does not run between spouses during continuance of the marriage relationship. She concedes that A.R.S. § 12–502, as amended, which tolls the running of the statute during minority, insanity and imprisonment, does not include the "disability" of coverture. She argues, however, that as a matter of public policy the statute of limitations should not be applicable to actions between husband and wife during coverture upon the theory that domestic discord would result from litigation between spouses.

The question of whether the statute of limitations applies to a wife with reference to a claim against her husband has not been answered in this jurisdiction. An extensive annotation of the subject appears in 121 A.L.R. 1382. It indicates that in the absence of a saving clause in favor of married women or one that excepts them from the operation of the limitations statute during coverture, the question of whether the statute begins to run during the continuance of the marriage relation "has quite generally been answered to the effect that the statute does not run" and "by the great weight of authority the rule that the statute of limitations is inapplicable between husband and wife applies notwithstanding the married woman's acts abolishing most of the common-law disabilities of feme covert." *See also,* 51 Am.Jur.2d, Limitation of Actions, § 191. The rationale that the statute of limitations is not applicable is expressed in Curtis v. Curtis, 56 N.M. 695, 248 P.2d 683 (1952):

" 'It is the policy of the Law to prevent litigation between husband and wife, not to promote it as would be the case if the wife had to sue her husband to avoid limitations and laches.' " 248 P.2d at 690.

Other jurisdictions which have addressed themselves to this problem have declined to follow the "weight of authority". *E. g.,* In re Lange's Estate, Ohio App., 91 N.E.2d 546, 56 Ohio Law Abst. 190 (1949) ; Dunning v. Dunning, 300 N.Y. 341, 90 N.E.2d 884 (1950) ; Aus v. Carper, 82 S.D. 568, 151 N.W.2d 611 (1967) ; In re Crawford's Estate, 155 Kan. 388, 125 P.2d 354 (1942) ; Fulp v. Fulp, 264 N.C. 20, 140 S.E.2d 708 (1965) ; In re Deaner's Estate, 126 Iowa 701, 102 N.W. 825 (1905) ; Wyatt v. Wyatt, 81 Miss. 219, 32 So. 317 (1902).

The controversy as to the applicability of the statute of limitations between husband and wife has arisen mostly from the common law unity of the spouses with the consequent disability of the wife to sue her husband or a third person, and to encourage domestic peace and tranquillity. In this State, however, married women have the full and exclusive control of their separate property and may deal with it freely as if not married. A.R.S. § 25–214, subsec. B.

Our Supreme Court has recognized that this statute abrogates the common law unity of husband and wife in regard to their separate properties. Whitson v. State, 65 Ariz. 395, 181 P.2d 822 (1947). Also, in Eshom v. Eshom, 18 Ariz. 170, 157 P. 974 (1916), a husband's defense of coverture to his wife's suit for conversion of her separate property was rejected. Thus we see that the highest court of this State has found no "public policy" impediment to a wife's suit against her husband with respect to her separate property. In the light of this judicial precedent, and in the absence of a legislative declaration to the contrary, we hold that coverture did not toll the running of the statute of limitations. Since the face of appellant's complaint conclusively showed that the subject claims were barred by the statute of limitations, dismissal was appropriate when the

limitations bar was asserted by motion. Gomez v. Leverton, 19 Ariz.App. 604, 509 P.2d 735 (1973).

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.