749 P.2d 939

**Anna G. DOPADRE, Petitioner/Appellant,**

v.

**Joseph G. DOPADRE, Respondent/Appellee.**

No. 2 CA–CV 87–0285.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 26, 1988.

Robert J. Snyder, Jr., P.C., Sierra Vista, for petitioner/appellant.

Ramaeker & Rondeau by Jonathan Reich, Sierra Vista, for respondent/appellee.

**OPINION**

ROLL, Judge.

Appellant Anna G. Dopadre (Anna) appeals certain portions of the decree entered

in connection with the dissolution of her marriage to Joseph G. Dopadre (Joseph). Specifically, Anna appeals the trial court's order insofar as it pertains to (1) two retirement plans in which Joseph is enrolled, and (2) denial of spousal maintenance to Anna. For the reasons set forth below, we affirm.

## FACTS

On July 22, 1986, Anna filed a petition for decree of dissolution of marriage. Trial was held on March 19, 1987. Anna and Joseph were the only witnesses.

Joseph and Anna were married for 37 years. At the time of trial, Joseph was 61 years old and a civil servant with a GS–9, Step 4 rating. He was also receiving retirement benefits from the United States Army. Anna was last employed in 1972, when she worked as a clerk. Throughout her life she has had back problems, which persist at the present time. At the time of trial, she was 60 years old.

## TRIAL COURT RULINGS

The trial court granted Anna's petition for decree of dissolution of marriage. In ordering division of property, the trial court awarded Anna the couple's residence, which has a net equity value of approximately $55,500.00, a 1982 Honda automobile with a value of $5,000.00 to $6,000.00, Prudential Bank securities having a value of $5,500.00, a life insurance policy with a cash surrender value of $5,226.00, an IRA account with a value of $250.00, and furniture in the home having a value of between $2,446.00 and $12,375.00. The court also awarded a lump sum of $75,000.00 to be paid in monthly installments for fifteen years, accumulating interest at 9% per annum, and which is to be secured by a life insurance policy with a face amount equal to the decreasing balance of the debt owed Anna. Anna was also obligated for one-half of a currently pending $1,500.00 tax liability.

Joseph was awarded the civil service retirement plan having a present value of $101,022.00, the military retirement plan having a present value of $118,000.00, an IRA account with a value of $4,850.00, and

a 1977 Plymouth valued at $1,175.00. Joseph was ordered to pay one-half of a present tax liability of $1,500.00 and to secure a life insurance policy with a face amount equal to the decreasing balance of the $75,000.00 owed to Anna.

The evidence reflected that Joseph's net receipt from his military retirement is $801.01 each month. His net employment pay is $1,256.66 per month. Of this total income of $2,057.67, he pays $767.70 per month to Anna in connection with the $75,000.00 lump sum and maintains the life insurance policy. When Joseph retires from his civil service job, his income will drop dramatically. He owns no other significant property.

## ISSUES ON APPEAL

Anna argues that she should have been awarded an interest in the pension plans and was entitled to spousal maintenance.

## PENSION PLANS

Joseph presently receives benefits from an Army retirement plan and, upon retirement, will receive civil service retirement benefits. It is undisputed that pension plans are a form of deferred compensation for services rendered, and any portion of a plan earned during marriage is community property subject to equitable division at dissolution. *Koelsch v. Koelsch*, 148 Ariz. 176, 181, 713 P.2d 1234, 1239 (1986). Pension plans can present a panoply of complications in the context of property divisions. A spouse's postponement of retirement may delay receipt of pension benefits. The death of the employee spouse may divest a divorced spouse of pension benefits.

■ In the instant case, the trial court determined the present value of the pension plans for which Joseph was eligible. The trial court then awarded Anna $75,000.00 but, because the pension benefits cannot be received by Joseph in a lump sum, directed that the $75,000.00 be paid in monthly installments with 9% interest over a 15–year period. The trial court also directed Joseph to obtain a life insurance

policy which guarantees that Anna will receive this $75,000.00 sum.

Anna argues that it is conceivable that Joseph could avoid payment of the $75,000.00 by filing for bankruptcy at some future time and, accordingly, that her interests in the pension funds would be better protected if the trial court had awarded her an actual interest in the pension funds. However, the trial court provided reasonable safeguards for Anna's receipt of the $75,000.00 sum and was not required to take into account every speculative possibility. Our supreme court in *Koelsch* specifically approved of the use of installment payments when lump sum distribution is impractical at dissolution. *Id.*, 148 Ariz. at 184, 713 P.2d at 1242.

■ The trial court's division of community property will not be disturbed on appeal absent a clear abuse of discretion. *Wick v. Wick*, 107 Ariz. 382, 385, 489 P.2d 19, 22 (1971). The trial court reached an equitable apportionment of the community property. *Cockrill v. Cockrill*, 139 Ariz. 72, 74-5, 676 P.2d 1130, 1132-33 (App. 1983).

## SPOUSAL MAINTENANCE

■ The trial court's award or denial of spousal maintenance will not be overturned on appeal absent a clear abuse of discretion. *Deatherage v. Deatherage*, 140 Ariz. 317, 319, 681 P.2d 469, 471 (App. 1984). A.R.S. § 25–319(A)[1] gives the trial court broad discretion to determine whether either party should be required to pay spousal maintenance and then only if the court finds that the spouse:

1. Lacks sufficient property, including property apportioned to such spouse, to provide for his or her reasonable needs.

2. Is unable to support himself or herself through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to support himself or herself.

Presently, Joseph receives $2,057.67 net combined monthly income from his military retirement and employment. From this sum, he is required to pay $767.70 per month to appellant to satisfy the $75,000.00 lump sum award to Anna. Should Joseph retire in July of 1988, his civil service retirement benefits will be $530.00 per month before taxes. His net income will decrease from $2,057.67 per month to an approximate net income of $1,200.00 per month, from which he will continue to be obligated to pay Anna $767.70 per month. Based upon the previously described property division and the particular financial situation of Joseph and Anna, we cannot say that the trial court abused its discretion in declining to award Anna spousal maintenance.

We decline to award attorneys' fees in connection with this appeal.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

---

**1.** This statute was amended in 1987 to add two additional factors which the court must consider. The amendments are not applicable to this case. A.R.S. § 25–319(A) (Supp.1987).