791 P.2d 661

**Virginia Marie NELSON, Petitioner/Appellee,**

v.

**Robert Lee NELSON, Respondent/Appellant.**

**No. 2 CA–CV 90–0042.**

Court of Appeals of Arizona, Division 2, Department A.

April 30, 1990.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Christina S. Hamilton, Phoenix, for petitioner/appellee.

R. Gordon Miller, Scottsdale, for respondent/appellant.

## OPINION

ROLL, Judge.

Robert Lee Nelson (husband) appeals from partial summary judgment in favor of Virginia Marie Nelson (wife), awarding her the amounts due on promissory notes he executed. The husband also appeals from the marriage dissolution decree which ordered judgment against him personally rather than the community for the amounts due on promissory notes. For the reasons set forth below, we affirm.

## FACTS

The Nelsons were married for 37 years when the wife filed a petition for dissolution of marriage. During the course of the marriage, the wife inherited over $200,000. She loaned $58,534.11 of the inherited funds to the marital community. The loans were evidenced by promissory notes, payable upon demand, which were executed by the husband more than six years prior to commencement of this action. The husband testified in his deposition that at the time he executed the notes, he and his wife were involved in a lawsuit and he executed the notes to protect the assets his wife had contributed from her separate estate to the community.

## PROCEDURAL HISTORY

Mrs. Nelson filed a petition for dissolution on September 24, 1987. On April 1, 1988, she filed a motion for partial summary judgment on the amounts due and owed on the promissory notes. The husband responded to the motion and also filed his

own motion for summary judgment on April 22, 1988. On May 12, 1988, the wife's motion for partial summary judgment was granted. The wife submitted a formal written judgment which was objected to and never signed.

On June 14, 1988, the court heard arguments on the husband's motion for summary judgment. The court denied the husband's motion and "affirmed" the granting of the wife's motion. In a minute entry of June 17, 1988, the court said:

The Court has reviewed every pleading and memo submitted concerning both the Petitioner's Motion For Partial Summary Judgment and Respondent's Motion For Summary Judgment and has again examined each Motion.

IT IS ORDERED affirming the granting of Petitioner's Motion For Partial Summary Judgment.

FURTHER ORDERED denying Respondent's Motion For Summary Judgment.

The remaining issues were resolved at trial and an equitable division of the community property was made in a final decree entered December 13, 1988. In the final decree, the court ordered: "Judgment is hereby granted against Respondent [husband] in the amount of $91,426.13," which sum represented the principle, plus five percent interest per annum, due on the promissory notes.

## ISSUES

The husband argues that the granting of partial summary judgment was improper because (1) genuine issues of material fact existed, (2) the statute of limitations had expired on the promissory notes, and (3) if the action on the notes could be maintained, the court erroneously entered judgment against him personally instead of against the community.

## DISCUSSION

"In reviewing the granting of summary judgment, this court must view the evidence in the light most favorable to the party opposing the motion and draw all inferences fairly arising from the evidence in favor of that opposing party." *Auto–Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988). "Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact, that only one inference can be drawn from those facts, and that based upon the facts, the moving party is entitled to judgment as a matter of law." *Id.* If there are material facts upon which reasonable people could reach different conclusions, summary judgment is inappropriate. *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980).

### Disputed Facts

The husband argues that summary judgment was improper because he disputed the existence of any loans to the community or to him.

■ We disagree. The wife's motion for summary judgment contained copies of checks made payable to the husband and to various venders, as well as copies of promissory notes executed by the husband and payable to the wife. Also attached was the wife's affidavit in which the wife swore she loaned the funds to the community. The husband's answers to the request for admissions, also attached, summarily denied that the community borrowed money and denied that the promissory notes evidenced any such loan. The husband presented no affidavits or any evidence to counter the wife's motion. The party opposing a motion for summary judgment must show that evidence is available that would justify a trial. *Dobson v. Grand Internat'l Brotherhood of Locomotive Engineers*, 101 Ariz. 501, 505, 421 P.2d 520, 524 (1966).

■ The husband claims that a qualification set forth in a letter by his attorney and attached to his response to the request for admissions evidenced disputed issues. We disagree. Generally, an unsworn letter from an attorney is not the proper form to controvert a motion for summary judgment. Rule 56(c), Ariz.R.Civ.P.; *State ex rel. Corbin v. Sabel*, 138 Ariz. 253, 255, 674 P.2d 316, 318 (App.1983).

■ The record shows that the husband did file an affidavit June 6, 1988, attached to his reply to the wife's response to the husband's motion for summary judgment.

The wife's motion for partial summary judgment, however, had been granted May 12, 1988. On review, this court only considers the evidence presented to the trial court when the motion was heard and does not consider any evidence introduced later. *Payne v. Greenberg Const.*, 130 Ariz. 338, 343, 636 P.2d 116, 121 (App.1981). No disputed issues were before the trial court.

## Statute of Limitations

■ Based on *Vana v. Elkins*, 20 Ariz. App. 557, 514 P.2d 510 (App.1973), the husband argues that the wife's action on the promissory note was barred by the statute of limitations. A.R.S. § 12–548 (action for debt evidenced or founded on contract must be brought within six years after cause of action accrues). We do not agree.

In *Vana*, we held that the statute of limitations applied to a promissory note executed by the husband as evidence of a loan by the wife of her separate property to the *husband*. Here, it is undisputed that the loan was to the *community*. We hold that a claim by the lending spouse based on an agreement between the spouses for reimbursement for that spouse's separate funds used for community expenses accrues on the dissolution of the community. To hold otherwise could lead to absurd and undesirable results, such as lawsuits by the spouse during marriage which would either end in a judgment that is not enforced, or, if it is enforced, an execution, attachment, or garnishment of community property.

The husband also argues that the trial court specifically found that funds contributed by the wife were not loans and no agreement required repayment. The trial court's finding referred to funds paid to the community but explicitly excluded those evidenced by the promissory notes. Accordingly, the promissory notes evidence an agreement by the community to repay the wife for funds advanced to the community from her separate property. *See Baum v. Baum*, 120 Ariz. 140, 584 P.2d 604 (App.1978).

## Personal Judgment

The husband argues that the judgment improperly obligated the husband to pay the entire amount due on the promissory notes.

The trial court's findings of facts stated:

On May 12, 1988, [the trial court] granted Petitioner/Wife's Motion for Summary Judgment in favor of Wife's separate estate and against the community on promissory notes in the total principle amount of $58,524.11 on demand notes bearing interest at the rate of 5% per annum. The amount of such judgment, including interest, is $91,426.13 . . . .

The decree then ordered: "Judgment is hereby granted against Respondent in the amount of $91,426.13."

■■ The trial court is required to provide for the allocation of the community indebtedness. *Cadwell v. Cadwell*, 126 Ariz. 460, 461, 616 P.2d 920, 921 (App. 1980). The trial court has broad discretion to allocate assets and obligations and its decision will not be disturbed absent a clear abuse of discretion. *Wick v. Wick*, 107 Ariz. 382, 385, 489 P.2d 19, 22 (1971); *Dopadre v. Dopadre*, 156 Ariz. 30, 32, 749 P.2d 939, 941 (App.1988).

At oral argument, husband's counsel conceded that the husband was not being required to reimburse his wife for the entire $91,426.13 owed on the promissory notes. From the decree, the trial court found that the $91,426.13 was a community debt, then allocated that community debt to the husband. The trial court allocated all community debts to either the husband or the wife. The net effect of this apportionment was to require the husband to pay an equitable portion of one-half of the community debts. Accordingly, we find no abuse of discretion.

## ATTORNEYS' FEES

■ The wife is awarded attorneys' fees pursuant to A.R.S. § 25–324.

HOWARD and HATHAWAY, JJ., concur.