NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

RODNEY F KRENZ, *Petitioner/Appellee,*

*v.*

TRACY NEUMAN, *Respondent/Appellant.*

No. 1 CA-CV 16-0657 FC
FILED 12-26-2017

Appeal from the Superior Court in Maricopa County
No. FC2013-091249
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

McWhorter Law Firm, PLLC, Mesa
By Heath H. McWhorter
*Counsel for Petitioner/Appellee*

Tracy Neuman, Mesa
*Respondent/Appellant*

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

J O H N S E N, Judge:

¶1          Tracy Neuman ("Mother") challenges the superior court's rulings regarding legal decision-making authority, parenting time, child support and spousal maintenance.  For the reasons discussed below, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Rodney F. Krenz ("Father") petitioned for dissolution of the parties' marriage in 2013.  The parties had one minor child at the time. Following trial, the superior court dissolved the marriage but did not divide the parties' property and debt because Father had filed for Chapter 13 bankruptcy protection.  The court did, however, adopt the parties' legal decision-making authority and parenting-time agreement and ordered that neither party would pay child support.  The parties later agreed to a division of certain assets and to sell the marital home under Arizona Rule of Family Law Procedure 69.

¶3          After the bankruptcy court lifted the stay, Father petitioned for distribution of community property, then filed a second petition to modify legal decision-making, parenting time and child support, alleging that Mother had threatened to commit suicide in front of the child.  Father also contended Mother had reneged on the parties' agreement to sell the marital home.  Mother separately petitioned for "an immediate hearing to determine what is best for the safety and well being" of the child and asked the court to award her the marital home.

¶4          After an evidentiary hearing, the superior court awarded Father sole legal decision-making authority and granted Mother supervised parenting time for two hours each week.  The court ordered Mother to pay $470 in monthly child support and denied Mother's request for $1,470 in monthly spousal maintenance.  The court also divided the community property and ordered the parties to sell the marital home.  It further awarded the parties' business to Father and granted Mother an equalization

payment of $3,000, based on its finding that the business was worth $6,000. The court found both parties had "removed a great deal of property from the marital residence" and awarded Mother all the remaining items, which it found were mostly of "little to no value." The court also denied Father's request for attorney's fees.

¶5 Mother moved for reconsideration, citing Arizona Rules of Family Law Procedure 83(A) and 85(C), which the court denied. She then timely appealed the court's rulings regarding legal decision-making, parenting time, child support, spousal maintenance and division of property. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[1]

## DISCUSSION

### A. Legal Decision-Making Authority and Parenting Time.

¶6 Although Mother challenges the superior court's decision-making authority and parenting-time rulings, the parties' child turned 18 in June 2017, mooting those rulings on appeal. *See Hall v. World Sav. & Loan Ass'n*, 189 Ariz. 495, 504 (App. 1997) (case becomes moot if, "as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties").

### B. Child Support.

¶7 Mother next contends the income figures the superior court used in calculating child support were incorrect and that Father misrepresented his income at trial. We review a child support award for an abuse of discretion. *Sherman v. Sherman*, 241 Ariz. 110, 112, ¶ 9 (App. 2016). We will accept the court's factual findings unless they are clearly erroneous. *Id*. at 113, ¶ 9.

¶8 The court found Father's monthly income to be $2,300 and Mother's monthly income to be $2,513.33. These figures are consistent with the parties' most recent affidavits of financial information. Mother presented evidence suggesting Father had taken several vacations in the previous year, but Father testified the trips were "very, very modest." Father also testified that his girlfriend helped him meet his monthly financial needs. The court had discretion to accept Father's testimony on

---

[1] Absent material revision since the relevant date, we cite a statute's most current version.

these issues. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015). We therefore conclude the court did not abuse its discretion in fashioning a child support award.

## C.     Spousal Maintenance.

**¶9**         Mother next challenges the court's denial of her request for spousal maintenance.  Under A.R.S. § 25-319(A) (2017), the court may award spousal maintenance if the spouse seeking maintenance:

> 1.  lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs[;]
>
> 2.   is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient[;]
>
> 3.  contributed to the educational opportunities of the other spouse[; or]
>
> 4.  had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

We will not overturn the superior court's spousal maintenance ruling absent an abuse of discretion.  *Dopadre v. Dopadre*, 156 Ariz. 30, 32 (App. 1988).

**¶10**         The court found Mother did not qualify for spousal maintenance because (1) she received multiple rental properties in the decree, (2) she admitted to earning at least $30,000 per year, and (3) she had been self-sufficient since entry of the decree in 2014.  Mother cites no evidence refuting any of these findings; she instead argues she should receive spousal maintenance because she loaned Father $100,000 in 2007 to purchase the parties' business.  At trial, the parties disputed whether this transaction was a loan or an investment.  Nonetheless, it is irrelevant to the analysis of spousal maintenance under the law.  *See Thomas v. Thomas*, 142 Ariz. 386, 393 (App. 1984) (first step of the spousal maintenance analysis is "determin[ing] from the record whether the spouse awarded maintenance meets the statutory requirements" of § 25-319(A)).  The superior court therefore did not err in denying Mother's request for spousal maintenance.

**D.      Division of Community Property.**

**¶11**        Mother also raises several challenges to the court's division of community property.  We review the division of property for an abuse of discretion except for the court's characterizations of property, which we review *de novo*.  *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014).

**¶12**        Mother first contends the court abused its discretion by ordering the parties to sell the marital home, asserting Father schemed to force her into selling it.  Mother overlooks that the parties entered into an agreement under Rule 69 to sell the home.  Indeed, she acknowledged the agreement but said she later changed her mind.  We will not overturn an order Mother consented to because she later had a change of heart.  *In re Marriage of Thorn*, 235 Ariz. 216, 224, ¶ 35 (App. 2014) ("Having successfully persuaded the court to follow this approach, [the party] cannot now argue it was erroneous."); *Duwyenie v. Moran*, 220 Ariz. 501, 506, ¶ 16 (App. 2009).

**¶13**        Mother next contends the court should have awarded her all the equity in the marital home as well as several personal items she contends Father misappropriated.  She cites no evidence in the record that would support such an award.  The court did not abuse its discretion in ordering that the sale proceeds be applied first to any mortgages, then to reimburse Father for half of the home maintenance expenses he incurred, with any remainder to be distributed equally to the parties.

**¶14**        Mother also contends the $3,000 equalization payment she received for the family business was inadequate.  The court based this payment on a court-appointed expert's determination that the business was worth $6,000.  Although Mother disagreed with the expert's conclusions, she offered no competent evidence to challenge them.

**E.      Alleged Bias.**

**¶15**        Finally, Mother contends many of the superior court's rulings are the result of bias and prejudice.  Adverse rulings alone do not demonstrate bias; Mother must demonstrate an extrajudicial source of bias or deep-seated favoritism.  *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013*)*.  Mother presents no such evidence.

**F.      Attorney's Fees on Appeal.**

**¶16**        Father requests attorney's fees pursuant to A.R.S. § 25-324(A) (2017), under which we must consider the parties' financial resources and the reasonableness of their positions throughout the proceedings.  *Keefer v.*

*Keefer*, 225 Ariz. 437, 441, ¶ 16 (App. 2010).  The financial evidence in the record does not suggest a significant financial disparity.  Father contends Mother's positions are unreasonable, but Mother argued the same positions in the superior court, and the court found them not unreasonable.  On this record, we decline to award fees.

## CONCLUSION

**¶17**        We affirm the superior court's rulings and will award Father his costs incurred in this appeal upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA