NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CAPITAL ONE BANK (USA) NA, *Plaintiff/Appellee,*

v.

JERI B. CASTRONOVA, *Defendant/Appellant.*

No. 1 CA-CV 17-0588
FILED 6-12-2018

---

Appeal from the Superior Court in Yavapai County
No. V1300CV201680167
The Honorable John David Napper, Judge

**AFFIRMED**

---

COUNSEL

Gurstel Law Firm PC, Scottsdale
By Todd Gurstel, Wendy M. Gillott, Cynthia Fulton, Corrinne R. Viola
*Counsel for Plaintiff/Appellant*

Jeri B. Castronova, Sedona
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1 This case is about an unpaid debt. Jeri Castronova appeals the superior court's grant of summary judgment in favor of Capital One Bank ("Capital One"). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Castronova applied for and obtained a credit card account from Capital One in October 2005. She received her credit card and a cardholder agreement in the mail. She started using the credit card in January 2009. Capital One sent her regular monthly account statements indicating the amount due and accruing interest. Castronova made timely payments for several years and never contested any particular charges on the statements. By July 2015, however, she exhausted her $20,000.00 credit line and ceased all payments. She owed $21,194.52. Capital One demanded payment and assigned the debt for collection.

¶3 Castronova disputed the debt under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, generally asserting that Capital One had breached their agreement and requesting formal verification of her debt.[1] Capital One verified the debt in April 2016. Castronova never paid the debt.

¶4 Capital One sued Castronova for breach of contract and account stated in Yavapai County Superior Court. She was served in June 2016 and filed a motion to quash summons and complaint in July 2016. On August 4, 2016, with her motion still pending, Castronova sent discovery requests to Capital One. The superior court denied her motion to quash on September 8, 2016. Castronova answered the complaint on September 20, 2016, and moved the superior court to compel Capital One to respond to her discovery requests. She included no certification of good faith efforts to resolve the issue. The superior court never ruled on the motion.

¶5 The lawsuit was referred to mandatory arbitration over Castronova's objection. The arbitrator identified three contested issues, including whether Capital One was the owner and holder of the credit

---

[1] Verification of a debt requires the debt collector "to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 786 (6th Cir. 2014).

account, whether Castronova breached the terms of repayment on the credit account and whether Castronova was liable to Capital One for repayment of the debt. The arbitrator conducted an evidentiary hearing on January 20, 2018. Castronova testified. At its conclusion, the arbitrator awarded $21,194.52, plus costs, to Capital One.

¶6          Castronova timely appealed the award to the superior court under A.R.S. § 12-133(H). Capital One moved for summary judgment. Castronova opposed the motion, arguing that summary judgment was improper because "there is ongoing discovery in this case," which "will show that there are genuine triable issues [of] material fact," including whether Capital One has a contract with her or loaned her money. She did not contest Capital One's statement of facts. Nor did she provide any facts of her own, but instead attached two letters she wrote to Capital One in July 2015 and January 2016, both titled "Notice of Dispute." In reply, Capital One argued that "[s]imply attaching a dispute letter . . . does not rise to the level of producing probative evidence that contradicts the moving party's allegations." The superior court granted summary judgment to Capital One.

¶7          Castronova timely appealed. We have jurisdiction pursuant to the Ariz. Const. art. VI, § 9, and A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

¶8          Castronova generally argues that summary judgment was improper because Capital One "failed to meet its burden of proving that there is a valid contract, that the contract is enforceable in this action, and that the debt is valid." She includes various arguments under the FDCPA, insists that Capital One did not authenticate the records on which it based its motion and asserts the superior court erred by either denying or not deciding her motion to compel.[2]

---

[2]     Castronova briefly lists fourteen "Issues on Appeal" near the beginning of her opening brief, but she never argues many of them. We examine only those issues raised in the opening brief and developed in argument, not the issues briefly mentioned but never argued with references to legal and record citations. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question."); ARCAP 13(a)(6), (7)(A).

**A.      Fair Debt Collection Practices Act.**

**¶9**        Castronova claims the superior court failed to consider whether Capital One violated the FDCPA's debt validation requirement. This argument has no merit.  The FDCPA regulates only "debt collectors," which are businesses that regularly collect consumer debt for others. *Henson v. Santander Consumer USA Inc.*, ___ U.S. ___, 137 S. Ct. 1718, 1721 (2017).  The FDCPA does not reach creditors, like Capital One here, when they attempt to recover their own original debt. *Id.*; 15 U.S.C. § 1692a(6)(A).

**B.      Motion for Summary Judgment.**

**¶10**        We review the superior court's ruling on summary judgment *de novo.*  *Hourani v. Benson Hosp.*, 211 Ariz. 427, 432, ¶ 13 (App. 2005). Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a).  To defeat summary judgment, a party "may not rely merely on allegations or denials of its own pleading," but instead must set forth specific facts showing the existence of a genuine dispute for trial. Ariz. R. Civ. P. 56(e).

**¶11**        The record amply supports the superior court's decision here. Capital One submitted business records demonstrating that Castronova applied for a Capital One credit card and used the credit card for many years.  That's enough to prove "acceptance of the terms and conditions of a credit card account . . . as binding and enforceable . . . [under] the credit card agreement."  A.R.S. § 44-7802(2).  Capital One offered still more evidence to demonstrate that Castronova defaulted under the agreement when she exhausted her $20,000 credit line and stopped making payments in July 2015.  Castronova offered no evidence to establish a disputed issue of material fact.[3]  She offered only unsupported conclusions in two post-default letters to Capital One that allege FDCPA violations.  As discussed above, the FDCPA is inapplicable here.  And mere conclusions in unsworn letters do not create a genuine issue of material fact. *See Nelson v. Nelson*, 164 Ariz. 135, 137 (App. 1990); *Maricopa County v. Biaett*, 21 Ariz. App. 286, 290 (1974).

---

[3]        To the extent Castronova believed she needed additional discovery to counter Capital One's evidence, she could have moved for relief under Rule 56(d), Ariz. R. Civ. P., but did not.

## C. Authentication.

**¶12** Castronova generally argues that Capital One "did not authenticate its alleged evidence." We will uphold a trial court's ruling regarding the admissibility of evidence in summary judgment proceedings absent an abuse of discretion. *Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997). We find no abuse of discretion here.

**¶13** Capital One offered the custodian affidavit of Barbara Horan to authenticate its business records. *See Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 214, ¶ 19 (App. 2012) ("The purpose of a custodian's affidavit is to authenticate evidence . . . ."). Horan's affidavit established her as a custodian of records who "has personal knowledge of the manner and method by which Capital One creates and maintains certain business books and records," in accordance with Rule 56(c)(5), Ariz. R. Civ. P. Her affidavit also satisfied each element of the business records exception to the hearsay rule. Ariz. R. Evid. 803(6). According to the affidavit, the records were made in the course of Capital One's regularly conducted business activity at or near the time of the event by someone with knowledge or by computer or other similar digital means. In sum, Horan's affidavit provided enough detail to authenticate the business records and defeat any argument that the superior court abused its discretion.

## D. Motion to Compel.

**¶14** And last, Castronova argues the court erred when it denied or failed to decide her motion to compel. "When a court fails to expressly rule on a motion, we deem it denied." *State v. Mendoza-Tapia,* 229 Ariz. 224, 231, ¶ 22 (App. 2012). We will not disturb the superior court's ruling on a discovery issue absent a clear abuse of discretion. *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 518, ¶ 41 (App. 2006) (denying plaintiff's motion to compel discovery). We find no abuse of discretion. Castronova's motion to compel was improper. Her motion included no certificate of good faith consultation as required under Rule 7.1(h), Ariz. R. Civ. P.

**¶15** Nor did she move the court under Rule 56(d), Ariz. R. Civ. P., to postpone its decision on Capital One's motion for summary judgment until she received the outstanding discovery, which would have required her to submit an affidavit describing what evidence is still needed and what it will reveal.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the superior court's grant of summary judgment in favor of Capital One. Capital One is entitled to its costs, which we grant. A.R.S. § 12-342(a).

