NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KSENIYA VLADIMIROVNA SCOTT, *Petitioner/Appellant*,

*v.*

PAUL DOUGLAS SCOTT, *Respondent/Appellee*.

No. 1 CA-CV 25-0238 FC

FILED 11-13-2025

Appeal from the Superior Court in Maricopa County
No.  FC2016-050991
The Honorable James Knapp, Judge

**AFFIRMED**

COUNSEL

Kseniya Vladimirovna Scott, Scottsdale
*Petitioner/Appellant*

Warner Angle Hallam Jackson & Formanek PLC, Phoenix
By Greg R. Davis
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1     Kseniya Vladimirovna Scott ("Mother")[1] appeals from an order denying her petition to enforce child support and granting the petition to modify parenting time filed by Paul Douglas Scott ("Father"). We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2     Mother and Father have two children, one of whom is still a minor.  The parties divorced in 2017 and agreed to joint legal decision-making authority and a parenting-time schedule.  Father was ordered to pay Mother $300 a month in child support.

¶3     In 2024, Mother petitioned the court to modify the parenting-time plan and to enforce the child-support order, alleging that Father owed her around $5,000 in past support.  Four days later, Father sought to modify the parenting-time plan, claiming the parties had not followed the parenting-time schedule for several years and were having disputes regarding it.

¶4     After a hearing, the court issued temporary orders modifying parenting time to a 5-2-2-5 schedule conditioned on Mother providing Father with her current address and proof of reliable transportation.  The court reduced Father's child-support obligation to $89 a month.

¶5     Following another hearing in February 2025, the court found the parties' failure to follow the original parenting-time schedule constituted a change in circumstances materially affecting the child.  The court also concluded that equal parenting time was no longer practical as Mother had moved to North Carolina, was equivocal as to whether the move was permanent, had no Arizona residence, and did not request long-

---

[1]     In recent filings, Mother uses the name Ksenya V. Verse.  Until we receive notice of a legal name change, we use her former name.

distance parenting time. Additionally, since the court had entered the 5-2-2-5 parenting-time schedule, Mother estimated she had only used her parenting time on five days. Having found a change in circumstances, the court reduced Mother's parenting time to every other weekend with the option of additional time if the parties agreed.

**¶6** The court ordered Mother to pay $1,021 per month in child support based on her monthly income of $5,000. The court found Mother did not provide sufficient evidence of a child-support arrearage to grant her claim for past support.

**¶7** Mother timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶8** We review orders modifying parenting time and child support for an abuse of discretion. *Smith v. Smith,* 253 Ariz. 43, 45, ¶ 9 (App. 2022) (parenting time); *Amadore v. Lifgren,* 245 Ariz. 509, 513, ¶ 5 (App. 2018) (child support). An abuse of discretion results if the "record is devoid of competent evidence to support the decision." *Amadore*, 245 Ariz. at 513, ¶ 5. On appeal, we view the evidence in the light most favorable to upholding the court's ruling and will affirm if reasonable evidence supports it. *Smith,* 253 Ariz. at 45, ¶ 9.

**¶9** Father asks this Court to dismiss Mother's appeal because her brief does not comply with ARCAP 13(a). He claims that Mother failed to include a table of contents, table of citations, statement of facts, and record citations. *See* ARCAP 13(a)(1), (2), and (5). Additionally, Mother failed to provide legal or factual authority for most of her arguments. *See* ARCAP 13(a)(7).

**¶10** We hold self-represented litigants to the same standard as attorneys. *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017). In our discretion, we may treat failure to comply with ARCAP as a waiver of arguments or issues. *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). However, because waiver is a discretionary doctrine, and a child's best interests are paramount, *In re G.I.*, --- Ariz. ---, ---, ¶ 13, 567 P.3d 764, 767 (App. 2025), we exercise our discretion and attempt to address Mother's arguments.

## I.      Parenting Time and Child Support.

**¶11**          An appellant is responsible for making certain that the record on appeal contains all transcripts or other documents for this Court to consider the issues raised on appeal. ARCAP 11(b)–(c). When a party fails to do so, we presume the missing portions of the record would support the trial court's findings. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). Because Mother did not provide us with a transcript from the hearing, we must presume that the missing record supports the court's findings. *See id.*

**¶12**          The court made the necessary written findings that refer to testimony and admitted exhibits to explain why its parenting-time orders were in the child's best interests. *See* A.R.S. § 25-403(B); *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013) (explaining court must make specific findings stating why its decision is in the child's best interests). In the absence of a transcript, we presume that any missing record supports the findings. *See Burton*, 205 Ariz. at 30, ¶ 16.

**¶13**          Mother argues that the order is void for lack of jurisdiction and that the court violated her due process rights by striking her unspecified "emergency motions." However, "[w]e are not required to assume the duties of an advocate and search voluminous records and exhibits to substantiate an appellant's claims." *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 343 (App. 1984).

**¶14**          Based on the information in the record, the court properly exercised jurisdiction over Father's post-decree motion to modify parenting time. *See* A.R.S. § 25-411(A). Mother does not cite to any legal authority or evidence in the record to support her contention that the court improperly exercised jurisdiction over this matter or denied her emergency motions in error. Accordingly, we affirm the court's jurisdiction over the matter.

**¶15**          Mother also contends that the court ignored evidence, including a letter from the child stating his wishes. Mother submitted the letter to this Court, but did not submit this evidence to the trial court, so we cannot consider it. *See Nelson v. Nelson*, 164 Ariz. 135, 138 (App. 1990) (stating appellate courts do not consider evidence that was not part of the record before the trial court). Mother claims the child-support order is based on false income information, ignores evidence of Father's wealth, and uses "retaliatory logic." We are unconvinced. In response to a motion by Mother to vacate the child-support judgment, the court stated that it used Mother's prior testimony to determine her income because she failed to

provide updated or complete information about her income at the final hearing. We presume that the record supports the court's use of Mother's testimony in calculating her monthly income. *See Burton,* 205 Ariz. at 30, ¶ 16. Thus, we find no abuse of discretion in the child-support order.

## II.     Judicial and Attorney Misconduct.

**¶16**         Mother alleges judicial misconduct and bias because the court ruled in favor of Father despite evidence of "harm and fraud." We presume the trial judge is "free from bias." *State v. Henry,* 189 Ariz. 542, 546 (1997). The court's ruling is supported by cited testimony and evidence and complies with statutory requirements. We presume that the record would support the judge's impartiality. *See Burton,* 205 Ariz. at 30, ¶ 16.

**¶17**         Mother also accuses opposing counsel of a litany of misconduct. Because Mother failed to provide a copy of the transcript, we presume it would reveal no improper conduct. *Id.* Although Mother refers to several "federal filings" and other official complaints, these documents are not properly in the record, so we do not consider them. *See Nelson,* 164 Ariz. at 138.

## III.     Remaining Arguments.

**¶18**         Mother argues that the order violates her constitutional rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Mother did not provide a factual or legal basis for these allegations. And we will not search the record to substantiate these claims. *See Adams,* 139 Ariz. at 343.

**¶19**         Mother raised several new arguments in the reply brief. However, we do not consider arguments raised for the first time in a reply brief. *See Johnson v. Provoyeur,* 245 Ariz. 239, 243 n.5, ¶ 13 (App. 2018) (stating issues first raised in a reply brief are waived). Furthermore, we take no action on the pleading titled "Jurisdictional and Commercial Standing Supplemental Record Filing" that Mother submitted while the appeal was pending.

## IV.     Attorney Fees.

**¶20**         Father requests an award of attorney fees and costs on appeal, citing A.R.S. § 25-324 and ARCAP 21. We have no current information about the parties' financial circumstances and exercise our discretion to deny Father's request for an award of fees. Because Father is the successful

party on appeal, he is entitled to recover costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

**CONCLUSION**

¶21        For the foregoing reasons, we affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR